FILED
CLERK, U.S. DISTRICT COURT

Sept. 22, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_PMC\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTINGTON OAKS VILLAGE PARTNERSHIP, L.P.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAMELA BIROSAK,<br><br>　　　　Defendant. | Case No. 2:21-CV-07538 SVW (KESx)<br><br>ORDER REMANDING CASE TO STATE COURT |

## I.
## BACKGROUND

On July 9, 2021, Huntington Oaks Village Partnership, L.P. ("Plaintiff") brought an action for unlawful detainer against Pamela Birosak ("Defendant") in Superior Court of California, County of Los Angeles (case number 21PDUD00593). (Dkt. 1.) The complaint alleges that Defendant is in unlawful possession of the premises located at 1657 Huntington Drive #E337, Duarte, California. (Dkt. 1.) On September 21, 2021, Defendant filed a Notice of Removal removing this unlawful detainer to federal court. (Dkt. 1.) The Court sua sponte REMANDS this action to the Superior Court of California, County of Los Angeles, for lack of subject matter jurisdiction, as set forth below.

## II.

## DISCUSSION

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citation omitted). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); accord Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183 (9th Cir. 2015).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); accord Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); accord Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014).

### A. <u>Federal Question Jurisdiction.</u>

The underlying action is an unlawful detainer proceeding, arising under, and governed by the laws of the State of California. The state-court complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant contends that she is protected by the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220, from Plaintiff's unlawful detainer action. (Dkt. 1.) "The PTFA provides certain protections to tenants who reside in properties subject to foreclosure," including the requirement that a 90-day notice to vacate be given to bona fide tenants." <u>U.S. Bank Tr., N.A. v. Bracken</u>, No. 2:14-CV-1738, 2014 WL 3729563, at *2, 2014 U.S. Dist. LEXIS 101934, at *5–6 (E.D. Cal. July 25, 2014) (citation omitted), <u>report and recommendation adopted</u>, No. 2:14-CV-1738, 2014 WL 4197566, 2014 U.S. Dist. LEXIS 117598 (E.D. Cal. Aug. 22, 2014).

However, federal defenses or federal counterclaims do not provide a basis to remove an action which does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000); <u>accord</u> <u>City of Oakland v. BP PLC</u>, 960 F.3d 570, 577 (9th Cir.), <u>opinion amended and superseded on other grounds on denial of reh'g</u>, 969 F.3d 895 (9th Cir. 2020), and <u>cert. denied sub nom.</u> <u>Chevron Corp. v. Oakland, CA</u>, No. 20-1089, 2021 WL 2405350, 2021 U.S. LEXIS 3100 (U.S. June 14, 2021). Indeed, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393, (1987); <u>see</u> <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994), <u>as amended</u> (Sept. 7, 1994) ("neither an affirmative defense based on federal law, nor one based on

federal preemption renders an action brought in state court removable") (citations omitted).

Here, to the extent Defendant is raising the PTFA as a defense to the unlawful detainer action, "a case may not be removed to federal court on the basis of a federal defense." Caterpillar, 482 U.S. at 393. Thus, there is no basis for federal question jurisdiction. This conclusion is consistent with the decisions of numerous other district courts within the Ninth Circuit that have remanded unlawful detainer actions for lack of federal jurisdiction despite the defendant's assertion of rights under PTFA. See, e.g., Jenkins v. Jenkins, No. CV 19-04975 PSG (RAOx), 2019 WL 11541360, at *2, 2019 U.S. Dist. LEXIS 98899, at *3 (C.D. Cal. June 12, 2019) ("The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions."); Deutsche Bank Tr. Co. Americas v. Ale, No. 5:13-CV-00350-ODW, 2013 WL 781996, at *1, 2013 U.S. Dist. LEXIS 28915, at *3 (C.D. Cal. Feb. 28, 2013) ("That Defendants might potentially assert some defense based on the PTFA, or that Defendants think the case could have been filed under the PTFA, does not vest this Court with federal-question jurisdiction."); Cam Real Est. IV, L.L.C. v. Fernandez, No. 1:13-CV-00430, 2013 WL 1451521, at *2, 2013 U.S. Dist. LEXIS 47067, at *4 (E.D. Cal. Apr. 9, 2013) ("the defensive invocation of 12 U.S.C. § 5220 cannot form the basis of this Court's jurisdiction"); Aurora Loan Servs., LLC v. Montoya, No. 2:11-CV-2485, 2011 WL 5508926, at *3, 2011 U.S. Dist. LEXIS 129905, at *11 (E.D. Cal. Nov. 9, 2011) ("[D]efendant's assertions of 12 U.S.C. § 5220 … are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.").

**B.    Diversity Jurisdiction.**

There is also no basis for diversity jurisdiction. Defendant is not alleged to be diverse from Plaintiff. See 28 U.S.C. § 1332(a). Defendant does not purport to

remand this action based on diversity.  (Cf. Dkt. 1) ("Removal is proper because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441.")

**C.     Jurisdiction Under 28 U.S.C. § 1443.**

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States."  In order to successfully remove, the defendant must satisfy a two-prong test: (1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and (2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827–28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966).  Under the first prong, constitutional or statutory provisions of general applicability or under statues not protecting against racial discrimination will not suffice.  Johnson, 421 U.S. at 219.  Under the second prong, a defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court.  Peacock, 384 U.S. at 828.

Here, "the PTFA is not a statute intended to protect against racial discrimination." Marke at S. Coast Metro, LLC v. Lee, No. SACV 16-02107 AG (KES), 2016 WL 7017227, at *2, 2016 U.S. Dist. LEXIS 166159, at *5–6 (C.D. Cal. Dec. 1, 2016).  Instead, the PTFA "was passed as part of the Troubled Assets Relief Program, in an effort to restore liquidity and stability to the financial system of the United States." Id., 2016 U.S. Dist. LEXIS 166159, at *6 (citation omitted). Further, Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore her federal rights. See HSBC Bank USA v. Kubik, No. 13-1692, 2013 WL 1694670, at *3, 2013 U.S. Dist. LEXIS 56023, at *7 (C.D. Cal.Apr.16, 2013) ("Defendant Kubik does not, and

cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Consequently, removal is not proper under § 1443(1).

## III.
## CONCLUSION

This Court does not have subject matter jurisdiction over this case. IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Los Angeles.

DATED: September 22, 2021

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE